**Electronically Filed
Intermediate Court of Appeals
29979
17-JAN-2012
08:17 AM**

NO. 29979 and 30042

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

No. 29979
STATE OF HAWAI'I, Plaintiff-Appellee, v.
KELII J.B. ACASIA, JR., Defendant-Appellant,
and BENJAMIN I. PADA, Defendant
(CR. NO. 08-1-0774)

No. 30042
STATE OF HAWAI'I, Plaintiff-Appellee v.
KELII BRADY JR. JUAN BALAI ACASIA, Defendant-Appellant
(CR. NO. 06-1-0761)

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Kelii J.B. Acasia, Jr., also known as Kelii Brady Jr. Juan Balai Acasia (Acasia) appeals from the Judgment of Conviction and Sentence; Notice of Entry and Mittimus, entered on July 13, 2009, in Cr. No. 08-1-0774, and from the Order of Resentencing; Revocation of Probation, entered on July 13, 2009 in Cr. No. 06-1-0761 in the Circuit Court of the First Circuit (circuit court).[1]

---

[1] The Honorable Steven S. Alm presided.

Acasia raises five points on appeal. Acasia claims: (1) the deputy prosecuting attorney trying his case committed prosecutorial misconduct; (2) the circuit court erred when it denied the defense's motion for judgment of acquittal; (3) the circuit court's jury instruction on the use of deadly force for the protection of a third person defense was prejudicially erroneous; (4) Acasia's use of deadly force was justified under the use of force for the protection of others defense; and (5) the circuit court erred when it revoked Acasia's probation in Cr. No. 06-1-0761 based solely on his conviction in Cr. No. 08-1-0774.

After careful review of the issues raised, arguments advanced, applicable law, and record in the instant case, we resolve Acasia's points of errors as follows:

(1)  The prosecutor did not engage in prosecutorial misconduct because there is no reasonable possibility that the prosecutor's line of questioning regarding Acasia's homelessness contributed to the verdict. To determine whether the alleged prosecutorial misconduct in this case constituted plain error affecting Acacia's substantial rights, this court considered the following factors: (1) "the nature of the alleged misconduct," (2) "the promptness or lack of a curative instruction," and (3) the strength or weakness of the evidence against [Acasia]." State v. Iuli, 101 Hawai'i 196, 208, 65 P.3d 143, 155 (2003) (quoting State v. Ganal, 81 Hawai'i 358, 374, 917 P.2d 370, 386 (1996) (internal quotation marks omitted).

Examining the nature of the alleged misconduct, which was during the prosecution's cross-examination of Kelly Kaluna (Kaluna) regarding her knowledge of Acasia's homelessness at the time of the incident, it is apparent that the topic of Acasia's homelessness was broached for impeachment purposes only. Kaluna's knowledge of Acasia's homelessness was just one in a number of instances where the prosecution attempted to impeach Kaluna's credibility by highlighting her inconsistent statements. Because the nature of the prosecution's questions was not

improper, any curative instruction given by the circuit court would have been superfluous. Moreover, after analyzing the entire record it is clear that the evidence against Acasia was strong.

On appeal, Acasia also argues that his homelessness creates unfair prejudice because it raises "inevitable assumption" that he had a greater propensity to commit the crime. Acasia offers no evidence in support of his underlying proposition that the jurors might believe a homeless person is more likely to commit a violent crime than another person. Even assuming *arguendo* that prejudicial impact existed, if it existed at all, this impact was minimal at best, as the prejudicial effect of this evidence is outweighed by its probative value. See Lewis v. United States, 930 A.2d 1003, 1008-09 (D.C. 2007); see also People v. Thorton, 251 P.3d 1147, 1151 (Colo. App. 2010); Boyd v. State, 963 So. 2d 884, 885-87 (Fla. Dist. Ct. App. 2007).

Because all three factors weigh in favor of the State, there is no reasonable possibility that the prosecutor's line of questioning regarding Acasia's homelessness contributed to the verdict. As such, the prosecution's line of questioning did not constitute prosecutorial misconduct.

(2) The circuit court properly denied Acasia's motion for judgment of acquittal. When viewed in the light most favorable to the State, there was substantial evidence of sufficient quality and probative value to support a prima facie case to enable a person of reasonable caution to support a conclusion of Acasia's guilt beyond a reasonable doubt. State v. Jenkins, 93 Hawai'i 87, 99, 997 P.2d 13, 25 (2000). At trial, the State adduced evidence, *inter alia*, that Ned Nakoa Jr.'s (Nakoa) death was caused by a subarachnoid hemorrhage due to the assaultive head trauma and that multiple witnesses observed Acasia strike Nakoa at least once in the face immediately before

Nakoa died. Accordingly, the record is not devoid of substantial evidence supporting the conclusion that Acasia inflicted Nakoa's fatal injury. That there was conflicting testimony on how many of Acasia's punches or kicks Nakoa endured is of no benefit to Acasia because it is the province of the trier of fact, and not the appellate court, to determine the witnesses' credibility and to assess the weight and effect of the evidence adduced at trial. State v. Aplaca, 96 Hawai'i 17, 23, 25 P.3d 792, 798 (2001). Therefore, the circuit court did not err in denying Acasia's motion for judgment of acquittal.

(3) and (4) The circuit court's erroneous jury instruction on the use of deadly force for the protection of a third person defense was harmless error. Because Acasia did not object to the jury instruction he challenges on appeal, this instruction was reviewed for plain error only. State v. Mark, 123 Hawai'i 205, 219, 231 P.3d 478, 492 (2010). As the concept of retreat set forth in Hawaii Revised Statutes (HRS) § 703-305(2) (1993) is entirely different from the concept of retreat as discussed in the circuit court's jury instruction, this instruction is erroneous as it misstates the law. Mark, 123 Hawai'i at 224, 231 P.3d at 497.

Because error must be viewed in light of the entire proceedings, the question becomes whether there was a reasonable possibility that error might have contributed to the conviction. Mark, 123 Hawai'i at 229, 231 P.3d at 502. Because this defense applies only when the third person being defended could legitimately employ force, Kaluna herself must have legitimately been able to employ deadly force against Nakoa for her own protection. Assuming the truthfulness of Kaluna's testimony and taking her testimony in the light most favorable to the defense, a reasonable person would not believe that Kaluna would have been justified in using deadly force against Nakoa because Kaluna was able to retreat in complete safety. Kaluna was never physically

4

held or restrained by Nakoa, nor was she restrained or confined by her physical location. Because Kaluna was easily able to retreat she would not have been justified in using deadly force against Nakoa. As a result, there was no rational basis on which the jury could have concluded that Acasia was justified in using deadly force for the protection of Kaluna. Consequently, there was no reasonable possibility that the inclusion of the erroneous jury instruction contributed to Acasia's conviction. Despite the fact that the circuit court's jury instruction was erroneous and misstated the law, this jury instruction resulted in harmless error.

(5) The circuit court did not err when it revoked Acasia's probation in Cr. No. 06-1-0761 based solely on his conviction in Cr. No. 08-1-0774. "[A] trial court's decision revoking probation will not be disturbed on appeal absent an abuse of judicial discretion." State v. Lazar, 82 Hawai'i 441, 443, 922 P.2d 1054, 1056 (App. 1996) (citing State v. Huggett, 55 Haw. 632, 635, 525 P.2d 1119, 1122 (1974)). "To constitute an abuse of discretion, it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a litigant." Id. (citing State v. Sacoco, 45 Haw. 288, 292, 367 P.2d 11, 13 (1961)).

Based on his manslaughter conviction in Cr. No. 08-1-0774, the circuit court revoked Acasia's probation stemming from an earlier conviction for sexual assault in the second degree in Cr. No. 06-1-0761. As stated herein, Acasia has failed to show reversible error undermining his manslaughter conviction. As such, the circuit court properly revoked Acasia's probation in Cr. No. 06-1-0761 based on his conviction in Cr. No. 08-1-0774.

Therefore,

IT IS HEREBY ORDERED that (1) the July 13, 2009 Judgment of Conviction and Sentence; Notice of Entry and Mittimus in Cr. No. 08-1-0774, and (2) the July 13, 2009 Order of

Resentencing; Revocation of Probation in Cr. No. 06-1-0761 of the Circuit Court of the First Circuit are affirmed.

DATED:  Honolulu, Hawaiʻi, January 17, 2012.

On the briefs:


Dean K. Young,
for Defendant-Appellant.

Presiding Judge


James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge


Associate Judge